IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:19-cv-224 |
| DANIEL MARTINEZ, JR., and | ) | |
| EL MUNDO FELIZ, a PARTNERSHIP | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

The plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402(a), with

the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate

of the Attorney General of the United States, brings this civil action (1) to enjoin Defendants

Daniel Martinez, Jr., ("Daniel Martinez")  and El Mundo Feliz, a Partnership ("Mundo") from

continuing to pay wages to employees without paying over to the United States the associated

federal employment taxes; (2) to reduce to judgment unpaid quarterly employment taxes owed

for multiple quarters spanning 2012-2019; (2) to reduce to judgment unpaid unemployment taxes

for tax years 2012-2018; (3) to reduce to judgment unpaid civil penalties for tax year 2015; and

(4) to reduce to judgment unpaid partnership taxes for tax years 2015 and 2016.

In support of this action, the United States alleges as follows:

### Jurisdiction and Venue

1.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331,

1340, and 1345, and 26 U.S.C. § 7402.

2.     Defendant Daniel Martinez resides in Mercedes, Texas, which is within the jurisdiction of this Court.

3.     The principal place of business for Defendant Mundo is Brownsville, Texas, which is within the jurisdiction of this Court. Mundo may be served via either one of its two partners: Defendant Daniel Martinez or his spouse, Lydia Martinez.

**Count I: Injunction**

**Employers' Responsibility for Employment Taxes**

4.     Employers, including Mundo, are subject to the federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

    a.     withhold federal income and the employee portion of Federal Insurance Contributions Act (FICA) and Medicare taxes from their employees' wages, *see* 26 U.S.C. §§ 3102 and 3402;

    b.     pay over to the Internal Revenue Service the amounts withheld from its employees' wages, along with the employer's own FICA and Medicare taxes (collectively, "employment taxes"), *see id.* §§ 3111(a), (b), and 3403;

    c.     make periodic deposits of its employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations, *see id.*, at 6302; 26 C.F.R. §§ 31.6302-14, 31.6302(c)-3;

    d.     report their employment taxes and file a Form 941 (Employer's Quarterly Federal Tax Return) to the IRS on a quarterly basis, along with any unpaid employment tax balance not already deposited, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1;

    e.     pay over to the IRS Federal Unemployment Tax Act (FUTA) taxes ("unemployment taxes"), *see* 26 U.S.C. § 3301;

     f.    report their unemployment taxes and file a Form 940 (Employer's Annual Federal Unemployment Tax Return) to the IRS on an annual basis, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6011(a)-3.

5.    For various tax periods from 2013 to the 2019, defendants have failed to comply with their federal employment and unemployment tax obligations described in the preceding paragraph and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

## A.   Daniel Martinez's Adult Daycare Business Mundo

6.    In September 15, 2008, a certificate of assumed name was filed with the Cameron County Clerk (**See Exhibit 1**), listing Mundo as the assumed name and the registrant as a "partnership" with owners Daniel Martinez and his wife Lydia Daniel Martinez.

7.    Daniel Martinez and Lydia Martinez are the only two partners of Mundo. Daniel Martinez operates the business.

8.    Mundo provides home adult day care services in the Brownsville, Texas area and has offices located at 524 E Los Ebanos Blvd., Brownsville, TX 78520.

9.    From at least 2012 to 2019, Mundo had employees to whom it paid wages.

## B.  Daniel Martinez's and Mundo's Tax Delinquencies

10.    Daniel Martinez and Mundo failed to pay over withheld federal income and FICA taxes, as well as the employer's portion of FICA taxes, for the quarters ending on: March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, June 30, 2013, September 30, 2013, December 31, 2013, June 30, 2014, March 31, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, December 31, 2016, March 31, 2017,

June 30, 2017, September 30, 2017, December 31, 2017, March 31, 2018, June 30, 2018, December 31, 2018, March 31, 2019, and June 30, 2019.

11.     In total, Daniel Martinez and Mundo failed to pay over to the IRS **$617,382.52** in employment taxes, penalties and interest over these twenty-four tax quarters as calculated to October 7, 2019.

12.     Daniel Martinez and Mundo also failed to pay unemployment taxes for the annual tax periods ending on December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, December 31, 2017, and December 31, 2018.

13.     In total, Daniel Martinez and Mundo failed to pay over to the IRS $39,073.05 in unemployment taxes, penalties, and interest over these five years as calculated to October 7, 2019.

**C.     The IRS's Efforts to Collect Mundo's Unpaid Employment and Unemployment Taxes**

14.     The IRS has attempted to collect Mundo's unpaid employment and unemployment tax liabilities, by filing notices of federal tax liens, serving numerous notices of noncompliance, issuing notices of intent to levy on Mundo's property, and allowing Mundo to enter into installment agreements. Despite these collection efforts, the employment tax liabilities and the unemployment tax liabilities remain largely unpaid.

15.     **Tax Liens**: The IRS recorded Notices of Federal Tax Lien (NFTL) in the Cameron County Recorder of Deeds' Office for at least twenty of the twenty-four delinquent quarterly employment tax periods, see *e.g.* **Exhibit 2**, and for all five delinquent unemployment tax years.

16.     **Notices of Noncompliance**: The IRS sent Mundo a Form 903 letter dated November 28, 2016 (see **Exhibit 3**),  which warned that because federal employment taxes had

4

not been deposited with the IRS, the IRS (1) could file Notices of Federal Tax Lien to protect the government's interest; (2) assess trust fund recovery penalties against anyone who was responsible for the failure to pay the employment taxes; (3) and even refer the matter to the Department of Justice to institute a civil suit or to seek criminal prosecution.

17.     Despite notice of the prospect of an injunction suit or a criminal prosecution cited in the Form 903 letter, Mundo and Daniel Martinez did not comply with their employment tax obligations.

18.     IRS Revenue Officer Elizabeth Dart sent Mundo by United States certified mail return receipt requested (CMRRR) IRS Letters 1058 (titled "Notice: Notice of Intent to Levy and Notice of your Rights to a Hearing") (see *e.g.* **Exhibit 4,** for the 5-8-2018 letter), bearing the dates, the CMRRR tracking number, and the amount of tax delinquencies, as shown below:

| Date of Letter | CMRRR number | Amount Delinquent |
|----------------|-------------------------|-------------------|
| 5/8/18 | 7017-1450-0000-5283-2540 | $156,403.89 |
| 7/18/18 | 7017-1450-0000-5283-5503 | $26,359.52 |
| 9/6/18 | 7017-1450-0000-5283-5596 | $17,679.23 |
| 2/12/19 | 7018-1830-0000-8499-5559 | $29,165.42 |
| 4/19/19 | 7018-3090-0001-8350-5073 | $82,944.02 |

19.     **Levies**: The IRS has issued levies on Compass Bank to levy Mundo's funds (see *e.g.* **Exhibit 5)**. The IRS has also attempted to collect Mundo's tax delinquencies by sending notices of levy to entities believed to have funds owed to Mundo, including Superior Health Care, Banker's Reserve Life Insurance Company, Molina Health Care of Texas Inc., Texas Department of Aging and Disability, Healthspring, and Novitas Solutions Inc.

20.     **Failed Installment Agreements**: Mundo entered into multiple installment agreements with the IRS to pay its delinquent taxes, but Mundo defaulted on all of them and accrued additional delinquent taxes.

21.     Mundo does not own real estate in its own name and its other assets, such as standard office furniture and equipment are believed to have little to no equity, making seizure and sale of Mundo's assets an unlikely method to collect its delinquent taxes.

**D.     The United States' Need for an Injunction**

22.     Despite these collection efforts by the IRS, Mundo continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code.  There is no evidence that Mundo or Daniel Martinez will make the necessary effort to become compliant, absent a court order compelling them to do so.

23.     Although the IRS has repeatedly contacted Daniel Martinez and Mundo about noncompliance with their federal employment and unemployment tax obligations, Daniel Martinez and Mundo have failed to consistently comply with those obligations and continue to fail to pay their delinquent taxes.

24.     The United States has suffered, and will continue to suffer irreparable harm as a result of Mundo's and Daniel Martinez's violation of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of the employees' FICA and income taxes for which Mundo's employees have already received credit from the Internal Revenue Service and the Social Security Administration; (b) the drain on limited IRS resources caused by Mundo's and Daniel Martinez's continued noncompliance with the law, and (c) the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws. An injunction against Defendants is appropriate and necessary to prevent them from continuing to interfere with the internal revenue laws.

25.     An injunction in this case would serve the public good. The federal tax system relies on employers to comply voluntarily with the federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Daniel Martinez's pyramiding undermines the most vital cog in our system of tax collection. Additionally, by unlawfully using the tax money that should be paid over to the United States for his own business, to cover operating expenses or to enrich himself, Daniel Martinez exacts an involuntary subsidy from the United States public. An injunction would bring an end to the inefficient waste of taxpayer resources.

26.     Furthermore, Daniel Martinez's and Mundo's obstruction and interference with internal revenue laws not only sends the wrong message to compliant taxpayers, but keeping the withheld income taxes of its employees provides defendant Mundo with an unfair competitive advantage over law-abiding business competitors who comply with internal revenue laws and who pay the federal employment taxes that the defendants eschew.

27.     Despite repeated attempts over many years, the IRS has been unable to prevent Mundo and Daniel Martinez from pyramiding employment tax liabilities. The United States lacks an adequate remedy at law to prevent continued pyramiding by Mundo and Daniel Martinez. A money judgment for existing unpaid tax liabilities cannot prevent Mundo and Daniel Martinez from continuing to accrue new unpaid liabilities.

28.     As explained in paragraphs 14-21, various avenues for collection of the delinquent employment taxes have failed to bring Defendants into compliance. Other efforts to collect the delinquent tax are likely to be ineffective and time consuming, due to the lack of distrainable assets.

29. This action is timely commenced under the provisions of the Internal Revenue Code.

## COUNT 2

### Judgment against Mundo for Tax Liabilities

*Employment Tax Liabilities*

30.     On the following dates, a delegate of the Secretary of the Treasury made the

following assessments against Mundo for federal withheld income and Federal Insurance

Contributions Act ("FICA") taxes, as well as the employer's portion of the FICA taxes, and

penalties for the following periods and in the following amounts (collectively, the "employment

tax liabilities"), which have balances due with accruals and costs as of October 7, 2019, as

follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/07/19 |
|---|---|---|---|---|
| 03/31/12 | 07/02/12 | Tax | $21,831.58 | $29,913.26 |
| | 07/02/12 | Deposit Penalty | $2,183.16 | |
| | 07/02/12 | Late Payment Penalty | $327.47 | |
| | 08/06/12 | Deposit Penalty | $1,091.58 | |
| | 12/14/15 | Late Payment Penalty | $5,130.42 | |
| 06/30/12 | 10/08/12 | Tax | $20,695.40 | $37,345.56 |
| | 10/08/12 | Deposit Penalty | $2,069.53 | |
| | 10/08/12 | Late Filing Penalty | $310.43 | |
| | 11/12/12 | Deposit Penalty | $1,034.77 | |
| | 12/14/15 | Late Payment Penalty | $4,863.42 | |
| 09/30/12 | 12/31/12 | Tax | $20,741.89 | $2,685.65 |
| | 12/31/12 | Deposit Penalty | $2,074.19 | |
| | 12/31/12 | | | |
| 12/31/12 | 04/08/13 | Tax | $22,366.40 | $22,580.40 |
| | 04/08/13 | Late Filing Penalty Deposit | $185.50 | |
| | 07/22/13 | Penalty | $2,236.54 | |
| | 12/14/15 | Late Filing Penalty | $2,906.10 | |
| 06/30/13 | 10/07/12 | Tax | $25,533.00 | $25,013.89 |
| | 10/07/12 | Deposit Penalty | $2,112.46 | |
| | 10/07/12 | Late Filing Penalty | $286.94 | |
| | 11/11/12 | Deposit Penalty | $956.47 | |
| | 12/14/15 | Late Filing Penalty | $3,173.54 | |
| 09/30/13 | 02/17/14 | Tax | $34,186.89 | $47,681.92 |
| | 02/17/14 | Deposit Penalty | $3,418.69 | |
| | 02/17/14 | Deposit Penalty | $683.74 | |

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/07/19 |
|---|---|---|---|---|
| | 03/24/14 | Deposit Penalty | $1,709.34 | |
| | 12/14/15 | Late Payment Penalty | $7,350.18 | |
| 12/31/13 | 04/07/14 | Tax | $27,689.81 | $26,716.23 |
| | 04/07/14 | Late Payment Penalty | $266.70 | |
| | 07/21/14 | Deposit Penalty | $2,436.25 | |
| | 12/14/15 | Late Payment Penalty | $3,112.90 | |
| | 12/11/17 | Late Payment Penalty | $602.21 | |
| 06/30/14 | 10/13/14 | Tax | $27,142.87 | $8,921.34 |
| | 10/13/14 | Deposit Penalty | $1,633.02 | |
| | 10/13/14 | Late Payment Penalty | $70.45 | |
| | 11/17/14 | Deposit Penalty | $213.70 | |
| | 12/14/15 | Late Payment Penalty | $299.18 | |
| | 12/11/17 | Late Payment Penalty | $512.89 | |
| | 12/10/18 | Late Payment Penalty | $192.33 | |
| 03/31/15 | 07/06/15 | Tax | $27,737.55 | $7,665.07 |
| | 07/06/15 | Deposit Penalty | $1,911.80 | |
| | 07/06/15 | Late Payment Penalty | $53.88 | |
| | 08/10/15 | Deposit Penalty | $179.59 | |
| | 08/10/15 | Late Payment Penalty | $17.95 | |
| | 12/11/17 | Late Payment Penalty | $826.10 | |
| 09/30/15 | 01/18/16 | Tax | $29,019.86 | $2,728.00 |
| | 05/02/16 | Deposit Penalty | $2,330.69 | |
| 12/31/15 | 04/18/16 | Tax | $28,807.85 | $3,392.13 |
| | 04/18/16 | Deposit Penalty | $2,730.78 | |
| | 04/18/16 | Late Payment Penalty | $78.08 | |
| | 05/23/16 | Deposit Penalty | $0.29 | |
| | 12/10/18 | Late Payment Penalty | $13.58 | |
| 03/31/16 | 07/11/16 | Tax | $28,830.69 | $23,493.96 |
| | 07/11/16 | Deposit Penalty | $2,438.07 | |
| | 07/11/16 | Late Payment Penalty | $279.39 | |
| | 08/15/16 | Deposit Penalty | $756.18 | |
| | 08/15/16 | Deposit Penalty | $75.62 | |
| | 12/11/17 | Late Payment Penalty | $2,179.79 | |
| | 12/10/17 | Late Payment Penalty | $953.66 | |
| 06/30/16 | 12/12/16 | Tax | $26,879.05 | $36,395.37 |
| | 12/12/16 | Deposit Penalty | $2,687.90 | |
| | 12/12/16 | Deposit Penalty | $1,118.95 | |
| | 01/16/17 | Late Payment Penalty | $111.89 | |
| | 12/10/18 | Late Payment Penalty | $4,923.39 | |
| 09/30/16 | 01/10/18 | Tax | $32,539.68 | $36,395.37 |
| | 01/09/17 | Deposit Penalty | $2,203.97 | |
| | 01/09/17 | Late Payment Penalty | $173.10 | |
| | 02/13/17 | Deposit Penalty | $576.98 | |

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/07/19 |
|---|---|---|---|---|
| | 02/13/17 | Late Payment Penalty | $57.69 | |
| | 12/10/18 | Late Payment Penalty | $2,538.73 | |
| 12/31/16 | 04/24/17 | Tax | $29,510.44 | $19,441.46 |
| | 04/24/17 | Deposit Penalty | $2,886.86 | |
| | 04/24/17 | Late Payment Penalty | $382.66 | |
| | 05/29/17 | Deposit Penalty | $1,275.52 | |
| | 05/29/17 | Late Payment Penalty | $127.55 | |
| | 12/10/18 | Late Payment Penalty | $4,719.43 | |
| 03/31/16 | 07/10/17 | Tax | $28,721.35 | $40,413.04 |
| | 07/10/17 | Deposit Penalty | $2,422.14 | |
| | 07/10/17 | Late Payment Penalty | $340.82 | |
| | 08/14/17 | Deposit Penalty | $1,136.07 | |
| | 08/14/17 | Late Payment Penalty | $113.61 | |
| | 12/10/18 | Late Payment Penalty | $3,635.42 | |
| 03/31/17 | 07/10/17 | Tax | $28,721.35 | $35,518.42 |
| | 07/10/17 | Deposit Penalty | $2,422.14 | |
| | 07/10/17 | Late Payment Penalty | $340.82 | |
| | 08/14/17 | Deposit Penalty | $1,136.07 | |
| | 08/14/17 | Late Payment Penalty | $113.61 | |
| | 12/10/18 | Late Payment Penalty | $3,635.42 | |
| 06/30/17 | 12/11/17 | Tax | $31,266.39 | $46,216.65 |
| | 12/11/17 | Deposit Penalty | $3,076.65 | |
| | 12/11/17 | Late Payment Penalty | $756.66 | |
| | 01/15/18 | Deposit Penalty | $1,513.32 | |
| | 01/15/18 | Late Payment Penalty | $151.33 | |
| 09/30/17 | 02/26/18 | Tax | $31,253.82 | $37,997.98 |
| | 02/26/18 | Deposit Penalty | $2,717.72 | |
| | 02/26/18 | Late Payment Penalty | $511.82 | |
| | 04/02/18 | Deposit Penalty | $1,279.54 | |
| | 04/02/18 | Late Payment Penalty | $255.91 | |
| 12/31/17 | 04/09/18 | Tax | $28,457.89 | $28,272.77 |
| | 04/09/18 | Deposit Penalty | $2,420.50 | |
| | 04/09/18 | Late Payment Penalty | $288.92 | |
| | 05/14/18 | Deposit Penalty | $955.98 | |
| | 05/14/18 | Late Payment Penalty | $95.59 | |
| 03/31/18 | 06/11/18 | Tax | $25,167.36 | $20,374.65 |
| | 06/11/18 | Deposit Penalty | $2,040.58 | |
| | 06/11/18 | Late Payment Penalty | $139.27 | |
| | 07/16/18 | Deposit Penalty | $696.36 | |
| | 07/16/18 | Late Payment Penalty | $69.64 | |
| 06/30/18 | 10/01/18 | Tax | $25,862.50 | $31,744.09 |
| | 10/01/18 | Deposit Penalty | $2,429.12 | |
| | 11/05/18 | Deposit Penalty | $1,191.81 | |

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/07/19 |
|---|---|---|---|---|
| | 11/05/18 | Late Payment Penalty | $119.18 | |
| 12/31/18 | 03/25/19 | Tax | $25,017.04 | $27,959.05 |
| | 03/25/19 | Late Payment Penalty | $250.17 | |
| 03/31/19 | 06/17/19 | Tax | $23,620.68 | $28,845.36 |
| | 06/17/19 | Deposit Penalty | $2,362.07 | |
| | 06/17/19 | Late Filing Penalty | $236.21 | |
| | 07/22/19 | Late Payment Penalty | $118.10 | |
| 06/30/19 | 08/26/19 | Tax | $22,513.96 | $25,891.06 |
| | 08/26/19 | Deposit Penalty | $2,251.40 | |
| | 09/30/19 | Deposit Penalty | $1,125.70 | |
| **Total** | | | | **$617,382.52** |

31.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the employment tax liabilities described above to Mundo. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the employment tax liabilities described above had a $617,382.52 unpaid balance due of as of October 7, 2019.

32.     Despite notice and demand, Mundo and Daniel Martinez have failed, neglected, or refused to fully pay the employment liabilities described above.

33.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Mundo is liable to the United States for the employment tax liabilities in the amount of $617,382.52 as of October 7, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

***Unemployment Tax Liabilities***

34.     On the following dates, a delegate of the Secretary of the Treasury made the following assessments against Mundo for Federal Unemployment Tax Act ("FUTA")

taxes and penalties for the following periods and in the following amounts (collectively,

"the unemployment tax liabilities"), which have balances due with accruals and costs as

of December 19, 2018, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/7/19 |
|---|---|---|---|---|
| 2013 | 05/05/14 | Tax | $2,476.49 | |
| | 05/05/14 | Late Payment Penalty | $49.53 | |
| | 12/14/15 | Late Filing Penalty | $458.15 | |
| | 12/11/17 | Late Payment Penalty | $61.62 | $3,600.36 |
| 2014 | 05/05/14 | Tax | $2,339.96 | |
| | 05/05/14 | Late Payment Penalty | $1.21 | |
| | 12/14/15 | Additional Tax | $1,544.63 | |
| | 12/10/18 | Late Payment Penalty | $300.94 | $2,370.33 |
| 2015 | 05/16/16 | Tax | $2,311.10 | |
| | 05/16/16 | Late Payment Penalty | $34.67 | |
| | 12/14/16 | Additional Tax | $28.29 | |
| | 05/21/18 | Deposit Penalty | $922.49 | |
| | 05/21/18 | Additional Tax | $9,224.86 | |
| | 07/16/18 | Deposit Penalty | $461.24 | |
| | 12/10/18 | Late Payment Penalty | $1,103.67 | $17,222.53 |
| 2016 | 05/08/17 | Tax | $2,440.93 | |
| | 05/08/17 | Late Payment Penalty | $48.82 | |
| | 12/10/18 | Late Payment Penalty | $451.57 | |
| | 03/25/19 | Deposit Penalty | $719.24 | |
| | 03/25/19 | Additional Tax | $7,192.43 | |
| | 07/16/18 | Deposit Penalty | $359.62 | $13,120.49 |
| 2017 | 04/30/18 | Tax | $2,159.81 | |
| | 04/30/18 | Late Payment Penalty | $32.40 | $2,759.34 |
| **Total:** | | | | **$39,073.05** |

35.     A delegate of the Secretary of the Treasury gave notice and demand for payment

of the unemployment tax liabilities described above to Mundo. After the application of statutory

interest, penalties, fees, other additions, abatements, payments, and credits, the unemployment

tax liabilities described above had a $39,073.05 unpaid balance due as of October 7, 2019.

36.     Despite notice and demand, Mundo and Daniel Martinez have failed, neglected,

or refused to fully pay the unemployment tax liabilities described above.

37.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Mundo is liable to the United States for unemployment tax liabilities in the amount of $39,073.05 as of October 7, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

*Civil Penalty Liability*

38.     On the March 4, 2019, a delegate of the Secretary of the Treasury made an assessment against Mundo under 26 U.S.C. § 6721 for intentionally disregarding and failure to file W-2 Forms for 2015 in the amount of $55,588.01 ("the civil penalty liability"), which has balances due with accruals and costs as of October 7, 2019, of $57,553.86.

39.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the civil penalty liability described above to Mundo. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the civil penalty liability described above had a $57,553.86 unpaid balance due as of October 7, 2019, see **Exhibit 6**.

40.     Despite notice and demand, Mundo has failed, neglected, or refused to fully pay the civil penalty liability described above.

41.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Mundo is liable to the United States for the civil penalty liability in the amount of $57,553.86 as of October 7, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

*Partnership Income Tax Liabilities*

42.     On the following dates, a delegate of the Secretary of the Treasury made the following assessments against Mundo for partnership income taxes and penalties for the

following years and in the following amounts (collectively, "the partnership tax liabilities"),

which have balances due with accruals and costs as of November 18, 2019, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11/18/19 |
|---|---|---|---|---|
| 2015 | 10/31/16 | Late Filing Penalty | $390.00 | $450.08 |
| 2016 | 12/4/17 | Late Filing Penalty | $780.00 | $950.01 |
| Total | | | | $1,400.09 |

43.     A delegate of the Secretary of the Treasury gave notice and demand for payment

of the partnership tax liabilities described above to Mundo. After the application of statutory

interest, penalties, fees, other additions, abatements, payments, and credits, the partnership tax

liabilities described above had a $1,400.09 unpaid balance due as of November 18, 2019.

44.     Despite notice and demand, Mundo has failed, neglected, or refused to fully pay

the partnership tax liabilities described above.

45.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that

Mundo is liable to the United States for partnership tax liabilities in the amount of $1,400.09

unpaid balance due as of November 18, 2019, plus prejudgment and post judgment interest

thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

WHEREFORE, the plaintiff United States of America prays that the Court:

A.  Find that Mundo and Daniel Martinez have engaged and are engaging in conduct that

interferes with the enforcement of the internal revenue laws;

B.  Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity

powers is necessary and appropriate to prevent Mundo and Daniel Martinez from

interfering with the enforcement of the internal revenue laws;

C.  Pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity

powers, enter a permanent injunction against Daniel Martinez, and Mundo,:

1) Ordering Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2) Ordering Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, to timely deposit in an appropriate federal depository bank, in accord with federal deposit regulations, withheld employee income tax, withheld employee FICA tax, and employer FICA tax, all as required by the Internal Revenue Code;

3) Ordering Daniel Martinez to sign and deliver affidavits, such as the one at **Exhibit 7**, to a revenue officer, or to some other person or location designated by the IRS, and to file the same with the Court, both by the fifteen of each month, (1) verifying that for the preceding month,  the requisite deposits of withheld income tax, withheld FICA tax, and employer FICA tax were made in a timely manner for Mundo and for any other business Daniel Martinez operates or may come to operate;  and (2) verifying that any Form 941 or Form 940 that became due during the previous month was filed with the IRS,  for his businesses Mundo, and any other business he operates or may come to operate;

4) Ordering Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Daniel Martinez shall provide a copy of each filed return to a

designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing

5) Ordering Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

6) Enjoining Daniel Martinez and Mundo from paying other creditors of Mundo or from transferring, disbursing, or assigning any money, property, or assets of Mundo after the date of the injunction order until after such time as the required deposits described in paragraphs C-1 and C-2, and any required payments described in paragraph C-5, have been paid in full, for any tax period ending after the injunction is issued;

7) Enjoining Daniel Martinez and Mundo from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Mundo's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

8) Enjoining Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of his employees; and

9) Enjoining Daniel Martinez, Mundo, and any other business Daniel Martinez operates or may come to operate, from assigning and/or transferring property or making any payments after the preliminary injunction is issued until deposits set forth in subparagraph (a) are made and until the employment tax and withholding

16

liabilities due under subparagraph (d) after the date of the preliminary injunction are first paid to the Internal Revenue Service;

10) For the five-year period beginning on the date this injunction order is entered, ordering Daniel Martinez to notify, in writing, such revenue officer as the IRS designates, if Daniel Martinez comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event.  Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Daniel Martinez.

11) Requiring Daniel Martinez and  Mundo to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

12) Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

13) Ordering that, if Daniel Martinez and Mundo violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

14) If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

15) If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Daniel Martinez or Mundo, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Daniel Martinez and  Mundo should not be held in contempt of this injunction and why Mundo should not be ordered to cease doing business immediately and why Daniel Martinez should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

D.  The Court enter judgment determining that Mundo is liable and indebted to the United States for the employment tax liabilities arising out of the quarters ended March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, June 30, 2013, September 30, 2013, December 31, 2013, June 30, 2014, March 31, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, December 31, 2016, March 31, 2017, June 30, 2017, September 30, 2017, December 31, 2017, March 31, 2018, June 30, 2018, December 31, 2018, March 31, 2019, and June 30, 2019 in the amount of $617,382.52 as of October 7, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

E.  The Court enter judgment  determining that Mundo is liable and indebted to the United
    States for the unemployment tax liabilities arising out of the years that ended December
    31, 2013, December 31, 2014, December 31, 2015, December 31, 2016, December 31,
    2017, and December 31, 2018 in the amount of $39,073.05 as of October 7, 2019, plus
    prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601,
    6621 and 28 U.S.C. § 1961(c), until paid;

F.  The Court enter judgment  determining that Mundo is liable and indebted to the United
    States for the civil penalty liability from tax year 2015 in the amount of $57,553.86 as of
    October 7, 2019, plus prejudgment and post judgment interest thereon at the rates set
    forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

G.  The Court enter judgment determining that Mundo is liable and indebted to the United
    States for the partnership tax liabilities arising out of the tax years 2015 and 2016 in the
    amount of $1,400.09 as of November 18, 2019, plus prejudgment and post judgment
    interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c),
    until paid;

H.  The Court award such other relief as the Court deems just and proper, including its costs
    incurred in this action.

Respectfully submitted,

RICHARD E. ZUCKERMAN
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL

*/s/ Ignacio Perez de la Cruz*
IGNACIO PEREZ DE LA CRUZ
SDTX Federal ID No. 2433910
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood St. Suite 400
Dallas, TX 75201
Phone: (214) 880-9759
Fax: (214) 880-9742
Ignacio.PerezDeLaCruz@usdoj.gov

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | DANIEL MARTINEZ, JR., and )<br>EL MUNDO FELIZ, a PARTNERSHIP |
| **(b)**   County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Hidalgo<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>Ignacio Perez de la Cruz, Department of Justice, Tax Division<br>717 N. Harwood St., Suite 400, Dallas, TX 75201 (214)880-9759 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury  -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br> (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br> Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | **FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401 and 7402(a)
Brief description of cause:
to enjoin and reduce to judgment

## VII.  REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
715,409.52

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒No

## VIII.  RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12/10/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ignacio Perez de la Cruz

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.     Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.